FILED
SUPERIOR COURT
OF GUAM

2018 FEB -6 AM 11: 27

CLERK OF COURT

By:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| **PEOPLE OF GUAM,** | **CRIMINAL CASE NO.: CF0720-17** |
| vs. | |
| **GILBERT THOMAS ATOIGUE BURGOS,**<br>DOB: 12/08/1973 | **DECISION AND ORDER**<br>*(Defendant's Motion to Modify*<br>*Conditions of Release)* |
| **DEFENDANT.** | |

## INTRODUCTION

This matter came before the Honorable Anita A. Sukola on February 5, 2018 on Gilbert Thomas Atoigue Burgos' ("Defendant") Motion to Modify Conditions of Release. Defendant appeared with counsel, Attorney Gloria Lujan Rudolph. Assistant Attorney General Peter J. Santos appeared on behalf of the People of Guam ("People"). Upon review of the written and oral arguments, and legal authorities presented by the Parties, the Court **DENIED** Defendant's request in open court and on the record. The Court hereby issues the instant Decision and Order confirming said Denial. The Motion to Modify Conditions of the Defendant's Release is thus **DENIED**.

/ / /

/ / /

**ORIGINAL**

## BACKGROUND

Defendant was arrested on December 19, 2017 after officers of the Guam Police Department conducted a surveillance operation on a potential drug transaction at the Agana Shopping Center. Decl. of James C. Collins in Supp. of Magistrate's Compl. (Dec. 20, 2017). After the Defendant was detained, Officers conducted a pat down of the Defendant and allegedly confiscated a vacuum sealed bag containing 150 grams of a suspected drug substance. Id. A field test on the substance in the bag allegedly returned a presumptive positive reaction for the presence of methamphetamines. Id. The estimated street value of the amount of the substance discovered is seventy-five thousand dollars ($75,000.00). Id. Subsequent to the arrest, Officers obtained and executed a search warrant at a hotel room where the Defendant allegedly stayed and discovered more bags containing a crystalline residue. Id.

The Defendant was brought before the Magistrate Judge on December 20, 2017, on charges of Possession of a Schedule II Controlled Substance with Intent to Deliver (As a 1st Degree Felony) and Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). Magistrate's Compl. (Dec 20, 2017). The Magistrate Judge set bail in the amount of fifty thousand dollars ($50,000.00), and ordered the Defendant held unless and until such amount was posted. Superior Court of Guam Minute Entry (Dec. 20, 2017).

At a hearing before this Court on February 5, 2018, the Probation Services Division confirmed representations on the Defendant's RAP Sheet which indicate that Defendant has a lengthy criminal history for various types of crimes. See also Magistrate's Summary Report (Dec. 20, 2017).

On January 10, 2018, the Defendant filed a Motion to Modify Conditions of Release. The Court held a hearing on the Motion on February 5, 2018 where the People orally opposed modification of the Defendant's conditions of release. The Court orally **DENIED** the Defendant's request in open court and on the record on February 5, 2018.

///

///

CF0720-17 People of Guam v. Gilbert Thomas Atoigue Burgos
DECISION AND ORDER (re Defendant's Motion to Modify Conditions of Release)

Page **2** of **5**

In the motion, the Defendant argues that the fifty thousand dollar ($50,000.00) bail amount is "significantly beyond his resources." Def's Mot. Modify Conditions of Release 1 (Jan. 10, 2018). The Defendant argues that $15,000.00 is more reasonable and in the alternative that there are third parties "who are capable and willing to oversee his release to them as custodians." Id. at 3. The People orally opposed the motion to modify arguing that the amount originally sought before the Magistrate Judge was one hundred thousand dollars ($100,000.00) which was reduced to fifty thousand dollars ($50,000.00).

Under Guam Law, ". . . every person charged with an offense shall be ordered released pending trial in the manner and subject to the conditions provided by §§ 40.15 and 40.20." 8 GCA § 40.15(a) (2017). Section 40.15(b) provides, "[t]he judge shall order the person charged to be released on recognizance, unless the judge determines, in his discretion, on the basis of available information, that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 8 GC A§40.15(b). To determine whether there is a substantial risk of nonappearance or whether the person charged will endanger the safety of any other person or the community, Guam Law provides:

> "(c) . . . the judge shall consider the following factors:
> (1) the nature of the offense charged, the apparent possibility of conviction and the likely sentence;
> (2) the history and characteristics of the person charged, including: . . .
>> (v) his/her prior criminal record; if any, including any record of prior release on recognizance or on bail;
>> (vi) his/her history relating to drug or alcohol abuse; . . .
> (3) the nature and seriousness of the danger the person would pose to the community or to any individual thereof if released; and
> (4) any other factors which bear on the risk of willful failure to appear or the danger the person would pose to the community or to any individual member thereof if released."

8 GCA § 40.15.

Under Section 40.20,

> "[w]here the judge determines that release of the person . . . will not reasonably assure his/her appearance as required, or will endanger the safety of any other person or the community, the judge shall impose the least onerous of the following

conditions which is reasonably likely to assure the person's appearance as required and the safety of any other person and the community, or if no single condition gives that assurance, the least onerous combination of the following conditions:

    (a) placement of the person in the custody of a designated person or organization agreeing to supervise him/her and to assist him/her in appearing in Court;

    (b) placement of restrictions on the activities, movements, associations and residence of the person;

    (c) execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties . . .

    . . . (e) any other condition reasonably necessary to assure appearance as required and the safety of any other person and the community."

8 GCA § 40.20.

Finally, Section 40.50 of Title 8 provides that "[a] person for whom conditions of release are imposed . . . and who after twenty-four (24) hours from the time of release hearing continues to be detained as a result of his inability to meet the conditions of release, shall, upon application, be entitled to have the conditions reviewed by the Court." 8 GCA § 40.50(a).

Here, the Defendant is charged with attempting to sale or otherwise exchange a large volume of a controlled substance with a large dollar value, in a public place. The charges include a first degree felony and a third degree felony. Most troubling to the Court, the Defendant is accused of intending to distribute the large amount of controlled substances allegedly found in his possession, again in a public place. Counsel for Defendant argued that the allegations underlying this matter do not include allegations of violent type of crime that renders the Defendant a danger to the community. The Court disagrees. The volume of controlled substance allegedly found on the Defendant causes the Court concern. The location of the alleged transaction, a public shopping center frequented by children and families is also concerning. The Court notes the transaction occurred directly across the street from this Courthouse.

The Court finds that all these factors considered together demonstrate a callous disregard for the laws of Guam and the community at large. Further, the Defendant has a significant criminal history including drug-related and other crimes. There is no indication from the Defendant's

behavior that release on the relatively low bond amount of fifteen thousand dollars will effect a change in his behavior that cures this Court's concern of the danger the Defendant poses to the community. Thus the Court finds the Defendant would pose a danger to the community if he were to be released pending trial on only fifteen thousand dollar ($15,000.00) bail.

The Court further finds that release to Third Party Custodians (TPCs) would not cure the concerns the Court has with respect to the danger(s) potentially posed to the community. The Court notes the issue of TPCs was raised in one sentence on the last page of Defendant's moving papers and was not raised during oral argument. No TPCs were named by the Defendant in his moving papers or presented to the Court. The Court therefore has had no opportunity to examine such persons' fitness to serve as Third Party Custodians and **DENIES** the request for modification of the Defendant's release conditions to allow for TPCs at this time.

The Court thus finds that due to the seriousness of the charges against the Defendant; the amount and value of the controlled substance allegedly found on the Defendant's person; the location where the Defendant was arrested; and the Defendant's criminal history, that the fifty thousand dollar ($50,000.00) bail amount is appropriate to cure the danger the Defendant may pose to the community. The Court hereby **DENIES** Defendant's request to modify the bail amount to fifteen thousand dollars ($15,000.00). Further, again due to the seriousness of the charges against the Defendant, the Defendant's criminal history, and the lack of information on TPCs, the Court hereby **DENIES** Defendant's request modify his release conditions to allow for the Defendant's release to TPCs at this time.

**CONCLUSION**

By preponderance of the evidence and based on the foregoing reasons, the Court **DENIES** Defendant's Motion to Modify Conditions of Release.

**SO ORDERED.** 2/6/18 .

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:

LUJAN & WOLFF

FEB -6 2018

Date:_____ Time: //30 am

Deputy Clerk, Superior Court of Guam

_____
The Honorable Anita A. Sukola
Judge, Superior Court of Guam

CF0720-17 People of Guam v. Gilbert Thomas Atoigue Burgos                          Page 5 of 5
DECISION AND ORDER (re Defendant's Motion to Modify Conditions of Release)